UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,      )
               Plaintiff,      )
                               )
          v.                   )     Civil Action No. 04-12655-RWZ
                               )
$6,442 IN U.S. CURRENCY,       )
               Defendant.      )
```

**UNITED STATES' OPPOSITION TO CLAIMANT
HUGO CARMONA'S MOTION TO DISMISS**

The United States opposes claimant Hugo Carmona's Motion to Dismiss the Complaint for Forfeiture <u>in rem</u> against the defendant $6,442 in United States currency (the "Defendant Currency"). Carmona claims that the Complaint should be dismissed because (1) it was not timely filed, and (2) it fails to state probable cause for forfeiture. Neither of these claims has any basis in fact or law, and Carmona's Motion should be denied.

**ARGUMENT**

**A.    The Complaint Was Not Untimely, and Should Not Be
       Dismissed on That Basis.**

Carmona first claims that the Complaint for Forfeiture <u>in rem</u>, which was filed pursuant to the provisions of 18 U.S.C. § 983(a)(3) and Rule C of the Supplemental Rules for Certain Maritime and Admiralty Claims, is untimely. He states that the Complaint was not filed within the 90-day time limit required by the statute. The record reflects, however, that the Complaint was, in fact, filed on the next business day after the 90th day, and is, therefore, timely.

-1-

The Defendant Currency was seized by the Bureau of
Immigration and Customs Enforcement ("BICE," formerly the United
States Customs Service) on May 25, 2004.  Notice of the seizure
and of BICE's intent to forfeit the currency was sent to Carmona
on June 10, 2004.  This notice was returned by the United States
Postal Service as undeliverable.  A second notice was sent to
Carmona's attorney, who had filed an appearance in the meantime,
on August 13, 2004.  On September 20, 2004, BICE's Office of
Fines, Penalties, and Forfeitures received, and date-stamped, a
September 16, 2004, letter from Carmona's attorney, which
contained the signed seized asset claim form.[1]  The United States
filed its Complaint on December 20, 2004; the actual 90th day
fell on Sunday, December 19, 2004.

Carmona argues that since he sent his claim on September 16,
2004, the deadline for filing the Complaint was December 15,
2004, and that the Complaint is, therefore, five days late.
Section 983(a)(3)(A) of Title 18 states that the government must
file a complaint for forfeiture not later than 90 days after a
claim has been filed.  The 90 days allotted by statute begins to
run when the claim is received by the seizing agency, not on the
date on which it was mailed by the claimant.  *See, e.g.,* United
States v. $39,480 in U.S. Currency, 190 F. Supp.2d 929, 930-31
(W.D. Tex. 2002)(district court considered the date stamped on

---

[1] *See* Affidavit of Stephen P. Leonard, and attachments.

claim when received by the DEA as the "date of filing" in
determining whether government's complaint was timely).  This is
consistent with the case law regarding a similar, now repealed,
provision, 21 U.S.C. § 888(c), which required the government to
file a complaint within 60 days of the filing of a claim after
the seizure of a conveyance for a drug related offense.  In one
of the few reported cases examining the issue, a federal court in
the District of Vermont observed that Section 888(c) did not
define when a claim was filed for purposes of triggering the
sixty day statute of limitations.  It concluded, however, that
"it is well settled that 'filing' in the legal context carries
the meaning not of *sending* papers, but of 'delivery into the
actual custody of the proper officer, designated by statute.'"
<u>United States v, 1979 Cadillac Sedan Deville</u>, 793 F. Supp. 492,
493 (D. Vt. 1992), *quoting* <u>Greenwood v. State of N.Y. Office of
Mental Health</u>, 842 F.2d 636, 638 (2d Cir. 1988).  Using this
definition of "filing," the court determined that the effective
date of the filing of the claim was the date it was received by
DEA.  Citing <u>1979 Cadillac Sedan Deville</u>, a district court in
Arizona agreed in a 1994 case, holding that "the date that
triggers the sixty-day filing requirement of section 888(c) is
not the date that a claim and cost bond is mailed, but the date
that the DEA's Asset Forfeiture Section receives the claim and
cost bond."  <u>United States v. 1992 Team Warlock 28' World Twin</u>

-3-

<u>Hull Speedboat</u>, 875 F. Supp. 652, 653-54 (D. Ariz. 1994).

The logic applied in the Section 888(c) cases, and in the more recent Section 983(a)(3)(A) case, <u>United States v. $39,480 in U.S. Currency</u>, should apply here.  Carmona's claim was received by the seizing agency, BICE, on September 20, 2004.  The deadline for filing a civil complaint was December 19, 2004, which was a Sunday.  Thus, the Complaint for Forfeiture filed on December 20, 2004, the following Monday, was timely.  *See* F.R.Civ.P. 6(a) (if a deadline falls on a Saturday, Sunday, holiday, or day in which the clerk's office is closed, the period for filing runs until the end of the next day which is not one of the aforementioned days).  Carmona cannot show that the Complaint was untimely; his Motion to Dismiss should fail on that basis.

**B.    The Complaint Satisfies the Particularity Requirement of Rule E(2), and Need Not Establish Probable Cause; the Complaint Should Not Be Dismissed on That Basis.**

Next, Carmona argues that the Complaint should be dismissed because it fails to establish probable cause.  He specifically argues that "the complaint must be dismissed because it does not comply with 19 U.S.C. § 1615.  The forfeiture must allege facts sufficient to establish probable cause to believe that the defendant currency is subject to forfeiture."  Motion to Dismiss at p. 9.  This assertion is wrong.  A Complaint for Forfeiture should not be dismissed unless it appears the plaintiff cannot prove any facts in support of his claim that would entitle it to

-4-

relief.  The Complaint need only set forth facts sufficient to establish the essential elements of the cause of action.  *See* United States v. 2556 Yale Avenue, 20 F. Supp.2d 1212 (W.D. Tenn. 1998).  Probable cause is the standard for seizure, but the standard for filing the complaint is Rule E(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Prior to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), in a series of rulings, the Ninth Circuit interpreted 19 U.S.C. § 1615 to require the government to demonstrate that it had probable cause to believe property was subject to forfeiture at the time it filed its complaint.  *See* United States v. $191,910 in U.S. Currency, 16 F.3d 1051 (9th Cir. 1994) (construing 19 U.S.C. § 1615 to require that the government have probable cause at the time it files its complaint or suffer dismissal); United States v. $405,089.23 in U.S. Currency, 122 F.3d 1285 (9th Cir. 1997) (the government could not rely on drug dealer's conviction or evidence adduced at criminal trial to establish probable cause where forfeiture complaint was filed at the time of indictment); United States v. 22249 Dolorosa Street, 167 F.3d 509 (9th Cir. 1999) (applying $405,089.23; because evidence in the government's possession at the time the complaint was filed was suppressed, and because evidence acquired independently after the complaint was filed was inadmissible to show probable cause; the government was unable to forfeit

residence drug dealer purchased with drug proceeds). This was
not an interpretation of the standard for seizing property, which
all sides agreed was governed by the probable cause requirement
of the Fourth Amendment, but a standard simply for filing a
complaint in the district court. Under this standard, the Ninth
Circuit overturned a number of forfeiture judgments even though
evidence acquired after the complaint was filed, including the
claimant's conviction in a parallel criminal case, clearly
established the forfeitability of the property. A few courts,
including within this district, adopted the same approach. *See*
United States v. 40 Clark Road, 52 F. Supp. 2d 254 (D. Mass.
1999) (probable cause determination in the First Circuit is made
as of the time of the filing of the complaint); United States v.
U.S. Currency Totaling $14,665, 33 F. Supp. 2d 47 (D. Mass. 1998)
(suggesting that, in the First Circuit, the government must have
probable cause at the time it files the complaint); United States
v. 1948 Martin Luther King Drive, 91 F.3d 1228 (C.D. Ill. 2000)
(after-acquired evidence may not be used in the probable cause
determination).

Virtually all other courts rejected this rule, holding not
only that the government was entitled to use after-acquired
evidence to meet its burden of proof at trial, but also that the
standard for filing a complaint – and hence the standard for
adjudicating a motion to dismiss the complaint – was the

"particularity" requirement in Supplemental Rule E(2). *See* United States v. One 1974 Learjet, 191 F.3d 668 (6th Cir. 1999) (probable cause for seizure and probable cause for forfeiture are different concepts; the government does not have to establish probable cause for forfeiture until time of trial; court may not dismiss complaint on ground that the government lacked probable cause for the seizure); United States v. Daccarett, 6 F.3d 37 (2d Cir. 1993) (unless claimant challenges seizure, as in a motion to suppress, the government is not required to establish probable cause until the time of trial); United States v. 2556 Yale Avenue, 20 F. Supp. 2d 1212 (W.D. Tenn. 1998) (when motion to dismiss is filed, court presumed all facts alleged to be true, and will deny motion unless is appears beyond doubt that the government can prove no set of facts in support of its claim that would entitle it to relief); United States v. One 1997 E35 Ford Van, 50 F. Supp. 2d 789 (N.D. Ill. 1999)(the government showed it had reasonable basis to believe it could prove money in bank accounts was sent into the United States to fund the HAMAS terrorist organization, in violation of section 1956(a)(2)(A), even though the financial transactions were complex and layered to conceal the country of origin).

Thus, in most places outside of the Ninth Circuit, the government did not have to establish that it had probable cause for forfeiture at the time it filed its complaint, and no motion

to dismiss the complaint could be granted on that ground.  To the
contrary, the government only had to show that the complaint
alleged "sufficient facts to provide a reasonable belief that the
property is subject to forfeiture." United States v. Two Parcels
in Russell County, 92 F.3d 1123, 1126 (11th Cir. 1996); *see also*
United States v. Daccarett, 6 F.3d 37 (2d Cir. 1993); United
States v. Funds in the Amount of $29,266, 96 F. Supp.2d 806, 809
(N.D. Ill. 2000) (at pleading stage, Government is not required
to present proof of probable cause, but is required only to
satisfy pleading requirements of Rule E(2), and establish a
reasonable basis to believe it will be able to establish probable
cause at trial); United States v. 2556 Yale Avenue, 20 F. Supp.2d
1212 (W.D. Tenn. 1998)(particularity requirement does not require
demonstration of probable cause pretrial); United States v.
$57,443.00 in U.S. Currency, 42 F. Supp. 2d 1293 (S.D. Fla. 1999)
(same), *quoting* U.S. v. Pole No. 3172, 852 F.2d 636, 628 (1st
Cir. 1988).  This requirement, courts held, was sufficient to "to
avoid the due process problems associated with the [G]overnment
holding property to which it has no legitimate claim." United
States v. One 1997 E35 Ford Van, 50 F. Supp.2d 789 (N.D. Ill.
1999).

United States v. $191,910 and the few cases that followed
it were based on § 1615.  That statute no longer applies to
post-CAFRA cases.  From the outset of the debate over CAFRA, the

Department of Justice assigned a high priority to codifying the majority rule on this issue, and ultimately Congress agreed, abrogating § 1615 by 18 U.S.C. § 983(a)(3)(D) and (c).  As codified at § 983(a)(3)(D), CAFRA provides that "No complaint may be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."  In addition, § 983(c) expressly provides that 'the government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture."  *See* H.Rep. 106-192 ("To the extent these procedures are inconsistent with any preexisting federal law, these procedures apply and supercede existing law")(reprinted in CAFRA Legislative History at 283); *see also* H. Rep. 105-359 (1997) at 56, CAFRA Leg. Hist. at 257 (incorporating the customs laws for forfeiture cases under § 983 does not include the burden of proof provision in § 1615, which is plainly inconsistent with the burden of proof provision in § 983).

Even before CAFRA, the majority rule was that all the Government had to do to withstand a motion to dismiss was to satisfy the particularity requirement in Supplemental Rule E(2). The post-CAFRA cases that have touched on the topic seem to agree that this rule was carried over to post-CAFRA cases.  A complaint must satisfy the particularity requirement in Supplemental Rule

E(2)(a); post-CAFRA, that means the complaint must allege facts to support a reasonable belief that the property is subject to forfeiture. *See* <u>United States v. Mondragon</u>, 313 F.3d 862 (4th Cir. 2002). Probable cause for seizure and the standard for filing a complaint are separate matters. <u>Id</u>.; <u>United States v. $49,000 in U.S. Currency</u>, 330 F.3d 371, 376 n.8 (5th Cir. 2003) (dicta) (following <u>Mondragon</u>; the standard for filing a civil forfeiture complaint is set forth in Supplemental Rule E(2)(a), which requires the Government to "allege facts supporting a reasonable belief that it will be able to bear its burden at trial"). All the Government has to do at the pleading stage is to satisfy the particularity requirement in Supplemental Rule E(2)(a) by alleging "sufficient facts to support a reasonable belief that the property is subject to forfeiture." <u>United States v. All Funds on Deposit at Dime Savings Bank</u>, 255 F. Supp. 2d 56 (E.D.N.Y. 2003). Section 983(a)(3)(D) relaxes the pleading requirements necessary to withstand a motion to dismiss for failure to comply with the particularity requirement in Supplemental Rule E(2). <u>United States v. 630 Ardmore Drive</u>, 178 F. Supp. 2d 572 (M.D.N.C. 2001).

Here, the evidence presented in the Complaint affidavit satisfies the Supplemental Rule E(2) particularity requirement. Assuming all facts described in the Complaint to be true, the Complaint establishes a reasonable basis to believe that the

Defendant Currency was money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of Title 21.  The claimant has been sufficiently apprized of the circumstances supporting the forfeiture, and, therefore, the Complaint should not be dismissed.

**CONCLUSION**

Neither of Carmona's grounds for dismissal of the Complaint has any legal or factual basis.  The Complaint was timely filed, and it satisfies the particularity requirement of Supplemental Rule E(2), which is the proper standard to apply. Carmona's Motion to Dismiss should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Shelbey D. Wright
     Shelbey D. Wright
     Assistant U.S. Attorney
     U. S. Attorney's Office
     John Joseph Moakley
     United States Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA  02210
     (617) 748-3364

Date:  March 1, 2005

# ORIGINAL AFFIDAVIT OF STEPHEN P. LEONARD

# NOT ELECTRONICALLY FILED

# AFFIDAVIT OF STEPHEN P. LEONARD

1.      I am the Fines, Penalties, and Forfeitures Officer for the Bureau of Customs and Border Protection (CBP), Boston, Massachusetts. I have held this position since February, 1987 (with CBP and its predecessor agency the U.S. Customs Service). My duties include supervising the administrative forfeiture procedures for seizures made by officers and agents of both CBP and the Bureau of Immigration and Customs Enforcement (ICE), including the issuance of notices of seizure pursuant to 18 U.S.C. 983(a)(1)(A) and the receipt of claims filed pursuant to 18 U.S.C. 983(a)(2).

2.      The Defendant Currency, consisting of $6,442, was seized by the ICE on May 25, 2004, under seizure number 2004-0401-000141-01.

3.      Notice of the seizure and of the intent to forfeit the currency was sent to Hugo Carmona on June 10, 2004. This notice was returned by the United States Postal Service as undeliverable.

4.      Carmona's attorney, J. Thomas Kerner, filed an appearance dated August 6, 2004, and received by CBP on August 10, 2004. A second notice of seizure and the intent to forfeit was sent to Carmona's attorney on August 13, 2004.

5.      On September 20, 2004, this office received and date-stamped a September 16, 2004, letter from Mr. Kerner which contained the signed seized asset claim form. The envelope containing that claim was postmarked September 17, 2004, and was received via regular U.S. mail on September 20, 2004. Copies of the letter, claim form and envelope are attached to this affidavit. This claim was subsequently referred to the United States Attorney's Office.

Signed under the pains and penalties of perjury this _17th_ day of February, 2005.


Stephen P. Leonard
Fines, Penalties & Forfeitures Officer
U.S. Customs and Border Protection
Department of Homeland Security

230 Commercial Street, First Room | Boston, Massachusetts 02109   tel 617 720 5509   fax 617 720 0707

# J. Thomas Kerner

### A T T O R N E Y   A T   L A W

September 16, 2004

Mr. Stephen Leonard
Bureau of Customs and Border Protection
Fines, Penalties and Forfeiture Branch Chief
10 Causeway Street
Room 623
Boston, MA 02222-1059

    Re:    Seizure No. 2004-0401-000141-01
            $6,442 seized from Hugo Carmona on or about May 25, 2004 in Malden, MA.

Dear Mr. Leonard:

    Enclosed, please find Mr. Carmona-Londona's completed and signed seized asset claim form. Additionally, Mr. Carmona-Londona has requested that you refer his claim to the United States Attorney pursuant to option 3 on the Election of proceedings CAFRA form AF which has been completed, signed and dated.

    I will accept service of process on behalf of Mr. Carmona-Londona.

    Thank you.

                           Very truly yours,

                           J. Thomas Kerner

JTK:ms

230 Commercial Street, First Floor | Boston, Massachusetts 02109

## J. Thomas Kerner

ATTORNEY AT LAW





0222241059

Mr. Stephen Leonard
Bureau of Customs and Border Protection
Fines, Penalties and Forfeiture Branch Chief
10 Causeway Street
Room 623
Boston, MA 02222-1059

## U.S. CUSTOMS AND BORDER PROTECTION
### SEIZED ASSET CLAIM FORM

Name: Hugo Carmona-Londona    Seizure No. 2004-0401-000141-01

Address: c/o J. Thomas Kerner

Attorney at Law, 230 Commercial St.    (IMPORTANT: BE SURE TO

Telephone No: (___) Boston, MA 02109 COMPLETE ALL PARTS BELOW)

617 720 5509

As authorized by 18 USC 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below.

PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

$ 6,442.00

PART II

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

The money belongs to me.

PART III (ATTESTATION AND OATH)

I attest and declare under penalty of perjury that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

HUGO CARMONA-LONDONA                    9-15-04
Name (Print)                                    Date

Hergo Carmona
Signature

*A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.*

**ELECTION OF PROCEEDINGS CAFRA FORM AF**

**NOTE: THIS FORM MUST BE COMPLETED AND RETURNED WITH YOUR PETITION OR OFFER. IF YOU DO NOT COMPLETE AND RETURN THIS FORM, CUSTOMS SHALL PROCEED TO FORFEIT THE PROPERTY ADMINISTRATIVELY, REGARDLESS OF WHETHER YOU FILE A PETITION OR OFFER.**

TO: CUSTOMS FINES, PENALTIES AND FORFEITURES OFFICER:

I understand that property in which I have an interest has been seized by the Bureau of Immigration and Customs Enforcement under Case No. <u>2004-0401-000141-01.</u>

Check ONLY ONE (1) of the following choices:

1. [ ] **I REQUEST THAT U.S. CUSTOMS AND BORDER PROTECTION DELAY FORFEITURE PROCEEDINGS AND CONSIDER MY PETITION OR OFFER ADMINISTRATIVELY.** My petition or offer is attached. By making this request, I understand that I am giving up my right for the immediate commencement of administrative forfeiture proceedings, as provided under title 19, United States Code (USC), section 1607 and title 19, Code of Federal Regulations (CFR), Part 162. If administrative forfeiture has begun, it will be stopped until my petition or offer is considered. However, I understand that *at any time* I can request, in writing, that U.S. Customs and Border Protection begin administrative forfeiture proceedings and U.S. Customs and Border Protection will continue to consider my petition or offer. I also understand that *at any time* I can file a claim with U.S. Customs and Border Protection (as described in Box 3 below) and U.S. Customs and Border Protection consideration of my petition or offer will stop and the case will be sent to the U.S. Attorney for court action.

2. [ ] **I ABANDON THE PROPERTY AND I REQUEST THAT U.S. CUSTOMS AND BORDER PROTECTION BEGIN ADMINISTRATIVE PROCEEDINGS TO FORFEIT THE PROPERTY.** Please immediately begin publication of the notice of seizure and intent to forfeit. I abandon any claim or interest in the property.

3. [✓] **I REQUEST THAT THE U.S. CUSTOMS AND BORDER PROTECTION SEND MY CASE FOR COURT ACTION.** Please immediately send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a SEIZED ASSET CLAIM FORM as required by law. I understand that if I have not fully completed this form, Customs will treat my submission as a petition for relief under Box 1 described above.

_Hugo Carmona._____     _9-15-04_____
Signature                                         Date

_Hugo Carmona-Londoña_____
Printed Name